# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

DAVID KELVIN ROSS                                                                      PLAINTIFF

v.                                                                 No. 3:16CV11-NBB-JMV

F. E. FIGUEROA, ET AL.                                                 DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of David Kelvin Ross, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants failed to provide him with adequate medical care after he slipped and fell in the prison kitchen and injured his back. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On August 28, 2014, David Kelvin Ross, an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and housed at the Tallahatchie County Correctional Facility ("TCCF") in Tutwiler, Mississippi, slipped and fell while working in the kitchen. He did not think he was injured at first, but then felt increasing pain in his lower back. He asked for medical attention, but was not transported to medical until a count of inmates was complete – about an hour later. When he arrived at medical, he was examined, given an injection of pain medication and lay down while medical staff attended other patients. He was then escorted to a "suicide cell," where he waited about 90 minutes for further treatment. He was placed in restraints for transport, then

waited an hour for another inmate count was complete. Prison staff then took Ross to the Northwest Regional Medical Center, where staff performed an x-ray and a CT scan. He was given more pain medication, released back to prison custody, then transported back to TCCF. Nurse Dorris Banks screened him upon his return.

On August 29, 2014, Ross woke in tremendous pain and requested medical attention. When the nurse came to see him, he tried to go to her, but fell down in pain. Prison staff called a medical code, and he was transported to medical in a wheelchair, where he sat for two hours in the waiting room with other patients. About 2 hours later, Dr. Pour asked him about his injuries, and Ross told him of the fall and back pain. After a preliminary examination, Dr. Pour did not believe the injuries to be serious, but when the x-ray and CT scans came through via fax, the doctor changed his mind. Mr. Ross had suffered herniated discs in several places on his spine.

During an August 30, 2014, medical visit, while in Captain Moore's office, Ross requested additional medical care, but did not receive it immediately. Instead, Captain Moore gave Ross a prison health care form to complete and return. Two days later, on September 1, 2014, Ross had a visit with medical, and a nurse provided him with a shot for pain and prescriptions for steroids and 800 mg ibuprofen. At this point, Mr. Ross was experiencing tingling, numbness in his neck, back, legs, and feet, as well as slight tingling in his arms. On September 3, 2014, another inmate asked a guard to call another medical code because Ross' back had locked up, leaving him in extreme pain. Officer Jenkins called a medical code, and Chief Jones quickly pushed Ross to medical in a wheelchair. However, Ross had to hold his feet up because the chair had no stirrups; keeping his feet up caused him extreme pain. He told Jones about the pain, but Jones said, "Might as well keep going – we halfway there." Ross arrived at medical shortly thereafter, where he was examined and treated with another shot. Staff observed him for 20 minutes, then returned him to his housing area. At the 10:30 a.m. count the following day (September 4, 2014), Ross told a case manager that he was in

extreme pain and needed medical attention – that he had pain and numbness in his lower body. A nurse came 30 minutes later, but Ross collapsed on the floor trying to reach her. Someone had Ross sit in a chair in the hall, but Sgt. Davis ordered Ross into the office. A short while later, Mrs. Harris pushed Ross to medical in a wheelchair (with stirrups). Ross received another injection at medical. Ross saw a doctor on September 5, 2014; she prescribed medication for his condition and told him he would see her again on the 9th or 10th of September. Though Ross was scheduled for medical treatment on September 9, no one took him to the appointment. Ross told Warden Figueroa on September 10, 2014, about his condition and the course of his treatment, and Figueroa said he would speak to medical staff about it.

## Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986),

*Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). In cases such as this, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S. D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, Mr. Ross has been examined and treated multiple times (including x-rays and CT scans) for his painful back condition: (1) August 28, 2014 (the day he was injured), (2) August 29, 2014, (3) September 1, 2014, (4) September 3, 2014, (5) September 4, 2014, and (6) September 5, 2014. It appears that he disagrees with his course of medical treatment because he repeatedly experiences pain, and his treatment does not seem to offer permanent relief. The court has sympathy for Mr. Ross' predicament, but his disagreement with the course of treatment does not rise to the level of a constitutional violation. In addition, Mr. Ross seems to take exception with Chief Jones' decision to keep pushing him to medical, even though holding his feet up caused even more pain to his back. Chief Jones is not medically trained, and Mr. Ross was already in great pain. Indeed, Jones was trying to get Ross to the medical clinic as quickly as possible under the circumstances. Jones could have stopped pushing and waited for another wheelchair – a decision that would have caused even more delay and left Ross in pain that much longer. The wheelchair trip to medical was brief, and this allegation does not come close to meeting the deliberate indifference standard (unnecessary and wanton infliction of pain) set forth above.

Ross also takes issue with Captain Moore's handling of his medical complaint. Once Ross had been treated multiple times, he complained to Captain Moore that he was still having problems,

and Moore (who has no medical training) provided him with the form to seek additional care from the medical staff. Ross did so and was examined and treated two days later. Again, Ross has not shown that Captain Moore unnecessarily and wantonly inflicted pain on him, but that Moore provided the proper documents to request and obtain treatment. For these reasons, Ross' allegations regarding denial of adequate medical care will be dismissed for failure to state a claim upon which relief could be granted.

**Negligence**

Most of the plaintiff's allegations involve denial of adequate medical care; however, it also appears that Ross wishes to hold the defendants liable for negligence for permitting the slippery condition of the kitchen floor. That claim must also be dismissed because negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

**Conclusion**

For the reasons set forth above, the plaintiff's claims of negligence and denial of adequate medical care will be dismissed with prejudice for failure to state a claim upon which relief could be granted .

**SO ORDERED**, this, the 21st day of November, 2016.

/s/Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**